UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TONY GIBSON AND MONICA MORRISON | CIVIL ACTION NO. 6:10-cv-01539 |
| VERSUS | JUDGE MELANÇON |
| AMERICAN SECURITY INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

## ***SUA SPONTE*** **JURISDICTIONAL BRIEFING ORDER**

This matter was removed from state court by defendant American Security Insurance Company. American Security contends that this Court has jurisdiction over this action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.

Federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[1] The person seeking to invoke federal court jurisdiction has the burden of proof to demonstrate at the outset of the litigation that

[1] 28 U.S.C.A. § 1332.

the federal court has authority to hear the case.[2] Therefore, the removing party bears the burden of showing that federal jurisdiction exists.[3]

In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in her petition, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[4] To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[5]

In this case, the plaintiff did not seek a determinate amount of damages in her state court petition. The undersigned also concludes that the jurisdictional amount is not otherwise "facially apparent" from the complaint because the facts alleged are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.

---

2 *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998). See, also, *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178 (1936).

3 *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

4 *St. Paul Reinsurance*, 134 F.3d at 1253.

5 *St. Paul Reinsurance*, 134 F.3d at 1253.

As the removing party, American Security has the burden of proving that this Court has jurisdiction over this matter. American Security has pleaded sufficient facts to establish that the parties are diverse in citizenship. But American Security has not pleaded sufficient facts to establish the amount in controversy. American Security has pleaded the limits of the insurance policies that it issued to the plaintiffs, but it has not established the value of their claim. "[T]he jurisdictional amount in controversy is measured by the value of the underlying claim – not the face amount of the policy."[6] American Security also included the potential value of the plaintiffs' claims for statutory penalties in its calculation of the amount in controversy. But the mere fact that the "plaintiff seeks penalties and attorney's fees is... not determinative of the amount in controversy."[7]

IT IS THEREFORE ORDERED that, on or before January 25, 2011, the removing party shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum. These

---

6 *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002), citing 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3710 (3d ed. 1998).

7 *Schaeffer v. Allstate*, 2008 WL 4058867 (E.D. La. 2008).

facts should be supported with summary-judgment-type evidence. The plaintiffs will then be allowed seven days to respond to American Security's memorandum.

Signed at Lafayette, Louisiana, this 4th day of January, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)